IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF WISCONSIN

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

MICHAEL P. OBERMILLER,

                     Plaintiff,

         v.

WARNER, C, HSU Sup,

                 Defendant.

OPINION AND ORDER

13-cv-813-bbc

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

Plaintiff Michael Obermiller, a prisoner at the Chippewa Valley Correctional Transitional Facility, has filed a proposed complaint against defendant C. Warner, the Health Services Unit supervisor at the New Lisbon Correctional Institution for the medical treatment he was denied when housed there.  Plaintiff seeks leave to proceed in forma pauperis with his claims and has made an initial partial payment of the filing fee as directed by the court.

The next step is to screen plaintiff's complaint and dismiss any portion that is legally frivolous, malicious, fails to state a claim upon which relief may be granted or asks for money damages from a defendant who by law cannot be sued for money damages.  28 U.S.C. § 1915.  In addressing any pro se litigant's complaint, the court must read the allegations of the complaint generously.  McGowan v. Hulick, 612 F.3d 636, 640 (7th Cir. 2010).  After reviewing plaintiff's complaint, I conclude that he may not proceed at this time because his

1

complaint does not satisfy the pleading requirements of Rule 8 of the Federal Rules of Civil Procedure.

The following facts are drawn from plaintiff's complaint.


## ALLEGATIONS OF FACT

Plaintiff Michael Obermiller was transferred to the New Lisbon Correctional Institution in January 2013.  Almost immediately he started having problems with his left eye.  Plaintiff submitted requests to see defendant C. Warner, the Health Services Unit supervisor, and her staff, but he "either got put off or had to wait for sometime."  The delays caused further problems with his eye, resulting in a series of surgeries.  Plaintiff states that "[due] to all that happen to me I had a stroke from all the stress from the staff at New Lisbon Corrections."


## OPINION

A prison official may violate a prisoner's right to adequate medical care under the Eighth Amendment if the official is "deliberately indifferent" to a "serious medical need." Estelle v. Gamble, 429 U.S. 97, 104-05 (1976).  I understand plaintiff to be alleging that defendant Warner and her staff violated were deliberately indifferent to his eye problems. However, I conclude that his allegations do not satisfy the requirements of Federal Rule of Civil Procedure 8, which requires a plaintiff to plead enough allegations of fact to make a claim for relief plausible, that is, reasonable on its face.  Ashcroft v. Iqbal, 556 U.S. 662,

678-79 (2009) (citing <u>Bell Atlantic Corp. v. Twombly</u>, 550 U.S. 544 (2007)).  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  <u>Id.</u>

In this case, it is unclear whether plaintiff has named the proper party as a defendant. He states that Warner and her staff forced him to wait for medical care, but he does not provide any specific allegations that it was Warner herself who created the delay in his appointments.  Rather, he seems to be saying that the entire Health Services Unit is to blame.  Plaintiff cannot bring his claim against Warner just because she ran the Health Services Unit; he has to show that she was personally involved in causing the delay.  <u>T.E. v. Grindle</u>, 599 F.3d 583, 590 (7th Cir. 2010) ("Because there is no theory of respondeat superior for constitutional torts, a plaintiff must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution.").  If he means to say that other individual staff members caused him delay, he does not name any other staff members as defendants.

Because plaintiff's allegations do not pass muster under Rule 8, I will dismiss the complaint and will give plaintiff an opportunity to file an amended complaint that provides fair notice to defendants of the claims he is asserting against them.  Plaintiff should draft the amended complaint as if he were telling a story to people who know nothing about his situation.  This means that someone reading the complaint should be able to answer the following questions:

- When did plaintiff submit health service requests and what did he tell staff about his eye problems?

- Who denied or delayed his treatment?  How did they accomplish this?

In addition, it is difficult to know what to make of his allegation that Health Services Unit staff caused him to have a stroke.  If plaintiff wants to pursue a claim about this issue, he will have to provide more information about how and when this occurred.

Plaintiff should also consider whom to name as defendants in the new complaint.  If he knows the identity of any individual who violated his rights, he should name that person in the complaint and explain what that person did to harm him.  If he does not know any individual's name, he may refer to the individual as John or Jane John Doe 1, John Doe 2, etc., and explain what role he played in violating plaintiff's rights.

Plaintiff may have until March 3, 2014 to submit an amended complaint.  If he does not submit his amendment by this deadline, I will direct the clerk of court to enter judgment in favor of defendant and close the case.


ORDER

IT IS ORDERED that plaintiff Michael Obermiller's complaint is DISMISSED for failure to comply with Fed. R. Civ. P. 8.  Plaintiff may have until March 3, 2014 to submit an amended complaint.  If plaintiff fails to do so by this deadline, I will direct the clerk of

court to enter judgment in favor of defendant.

Entered this 10th day of February, 2014.

BY THE COURT:
/s/
BARBARA B. CRABB
District Judge